IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 64,809-01






EX PARTE MOSES GALINDO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 00-01-9294-A

IN THE 24TH DISTRICT COURT OF DE WITT COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated assault with a deadly weapon, and punishment was assessed at
fifteen years' confinement. Applicant's conviction was affirmed on appeal. Galindo v.
State, No. 13-02-00503-CR (Tex. App. --Corpus Christi, delivered August 12, 2004, pet.
ref'd).

 Applicant contends that he received ineffective assistance of counsel, his guilty plea
was involuntary and unknowing, the State failed to disclose exculpatory material, and he is
actually innocent.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court does not
hear evidence, the trial court is the appropriate forum. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order an
affidavits from trial counsel, Brian Hendrix, or it may order a hearing. In the appropriate
case the trial court may also rely on its personal recollection. The trial court shall also
forward any records regarding Applicant's guilty plea and the admonishments given prior to
the acceptance of the plea.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant received ineffective assistance of counsel; whether his guilty plea
was voluntarily and knowing; whether the State failed to disclose exculpatory material;
whether Applicant is actually innocent; and whether the affidavits submitted by Applicant
are credible. The trial court shall also make any further findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14th DAY OF JUNE, 2006.





EN BANC

DO NOT PUBLISH

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.